SMB

United States
District Court

RECEIVED

NOV 28 2022

166

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Paul Olsson
     Plaintiff

)
)
)
) Case No.

V,

)
1:22-cv-06575
Judge Manish S. Shah
Magistrate Young B. Kim
Dierect assignment
pc 1

Richard Malis , Christopher
Jeff Phorris    Stride
Daniel Hardy
Tom Zubik
Keith Grant
Karen Levi
karhleen McGee
shirley Ruth Callaway
kwame Raoul
Amanda kozar
unknown and yet to be
Discovered John Docs
and Jane Roes

)
)
)
)
)
) Judge;
)
)
)
)
)
)
)
)
)
)

## Verified Complaint

Now Comes Paul Olsson ("Plaintiff") and submits
the instant Verified Complaint against the Above Named
Defendants for violations of Plaintiff's civil Rights as
Well as a state tort claim.

## Parties

At all times relevant hereto, Defendant Richard Malis was employed by the Elgin mental health center ("EMHC") as a psychiatrist. This defendant is liable insofar that he violated plaintiffs constitutional rights under color of state law.

At all times relevant hereto, Defendant Tom Zubik was employed by the Elgin mental health center ("EMHC") in various clinical and administrative capacities. This defendant is liable insofar that he violated plaintiffs constitutional rights under color of state law

**Commented [1]:**

At all times relevant hereto, Defendant Jeff Pharris was employed by the Elgin mental health center ("EMHC") as the forensic program director. This defendant is liable insofar that he violated plaintiffs constitutional rights under color of state law

At all times relevant hereto, Defendant Daniel Hardy was employed by the Elgin mental health center ("EMHC") in various administrative capacities. This defendant is liable insofar that he violated plaintiffs constitutional rights under color of state law

At all times relevant hereto, Defendant Christopher Stride was employed by Lake County as a circuit judge. This defendant is liable insofar that he violated plaintiffs constitutional rights under color of state law while acting beyond the scope of his jurisdiction.

At all times relevant hereto, Defendant Keith Grant was employed by the lake county public defender's office as a lawyer. This defendant is liable insofar that he violated plaintiffs constitutional rights under color of state law

At all times relevant hereto, Defendant Kathleen McGee was employed by the lake county public defender's office as a lawyer. This defendant is liable insofar that he violated plaintiffs constitutional rights under color of state law

At all times relevant hereto, Defendant Karen Levi was employed by the lake county public defender's office as a lawyer. This defendant is liable insofar that he violated plaintiffs constitutional rights under color of state law.

At all times relevant hereto, Defendant Amanda Kozar was employed by the Illinois attorney general office as a lawyer. This defendant is liable insofar that he violated plaintiffs constitutional rights under color of state law.

At all times relevant hereto, Defendant Shirley Ruth Calloway was employed by the Illinois attorney general office as a lawyer. This defendant is liable insofar that he violated plaintiffs constitutional rights under color of state law

At all times relevant hereto, Defendant Kwame Raoul was employed by the Illinois attorney general office as a lawyer. This defendant is liable insofar that he violated plaintiffs constitutional rights under color of state law

## Jurisdiction + Venue

Plaintiff Brings the instant Action under 42 U.S.C. 1983 insofar that All the Named Defendants Violated Plaintiff's Constitutional Right of Access to the Courts while in the Capacity of a state Actor

Plaintiff invokes this Court's Pendant Jurisdiction to hear the state court claim.

All Alleged acts and Omissions occured Within the territorial Boundaries of the court

## Procedural History

This is Plaintiff's Second Attempt to Bring a claim of Access to the Courts. Case Number Contains an Access to the Court's claim but under a Different Fact Pattern.

At the time Plaintiff filed the Above cited case he was unaware that he had suffered Additional injuries.

It was within the Past year that Plaintiff learned of these Previously undiscovered injuries. Therefore the Statute of limitations is tolled.

Appointed counsel Did Not inform Plaintiff of these Additional Injuries Presumably Because the Scope of their Representation Was limited to injuries within the context of failed civil litigation

Petitioner has No Access to Meaningful legal Resources and was unable to educate Himself of the injuries He suffered.

## Absolute Immunity

Named Defendant Christopher Stride is a sitting Judge in the County of Lake. Plaintiff understands That Defendant Stride enjoys Absolute Immunity.

Plaintiff Asserts that the instant Complaint falls within the Established exception to Judicial immunity.

Plaintiff Asserts that Defendant Stride Acted Beyond the scope of His Jurisdiction which is Not Covered By immunity.

The fact Pattern sets forth a Prima facia case that the irreparable injury to Plaintiff's 6th Amendment Right Deprived the Court of Jurisdiction.

Additionally, Judge Stride issued Rulings, violating Plaintiff's constitutional Rights, while a substitution of Judge Motion was Pending.

Within the duly filed Motion was a sworn Affadavit Alleging Defendant Stride was Biased and Prejudiced. To date, Defendant Stride Has Not Rebuted the Allegations of Bias and Prejudice

Additionally, Defendant stride filed a lawsuit against Plaintiff while sitting as Plaintiff's Judge. Defendant Stride Violated Plaintiff's Right of Access to the Courts By Fraudulently Maintaining Plaintiff unfit to stand Trial and confined to a Mental Hospital that Defendant Stride knew had No legal Resources and obtaining a Default Judgment Against Plaintiff.

Defendant Stride sued Plaintiff in His capacity of a Private citizen, Not as a judge. It is inconceivable for anyone to Believe that sueing a Defendant over which the Person is sitting as a judge is an Act within a Judicial Capacity.

Plaintiff Respectfully challenges Anyone to find a Case, criminal or otherwise, where the sitting Judge sued a Defendant and Remained sitting on the case.

Acting Beyond the scope of His jurisdiction, Judge Stride Admitted to being Biased and Prejudiced Against Plaintiff by Not Rebuting the Affadavit in the Substitution of Judge Motion. Defendant Stride Demonstrated His Admitted Bias and Prejudice by keeping Plaintiff Fraudulently in a Mental Hospital with No legal Resources in order to inter Alia obtain a Default Judgment Against Plaintiff

Plaintiff Has clearly Made a Prima facia Case that Defendant Stride Acted Beyond the Scope of His Jurisdiction thus establishing the exception to Judicial Immunity.

Plaintiff's stayed
Rico lawsuit

Pending Before this court is a lawsuit against
Many State Actors, including some of the Named
Defendants, brought Pursuant to the Racketeering
Influence and Corrupt Organization statute.

The fact Pattern of this complaint is Also contained
in the Rico complaint However the ~~real scope~~
scope of the instant Complaint is strictly whether
Plaintiff's Right of Access to the Courts Was
violated.

Plaintiff does Not Have Access to Meaningful legal
Resources and is unable to Determine if the instant
complaint Prejudices His claims in His Rico Complaint
or vice versa

Plaintiff Does Not Waive any Rights or Remedies
Available to him, Both known and unknown. Additionally
Plaintiff Reserves All His Rights to Seek Relief against
State Actors who Have Violated His civil Rights under
Color of law.

Plaintiff emphasizes that the scope of this
complaint is confined to the question of Access
to the Courts Violation.

## Younger Abstention

The Injuries Plaintiff has sustained as A Result of the violations of His Right of Access to the Courts Are Directly Related to His criminal case.

Plaintiff Asserts that The instant complaint Regarding Defendants Malis, Pharris, Hardy, Zubik, Grant, Levy, McGee, Calloway, Raoul and Kazar does Not interfere with ongoing state Proceedings Because the Majority of the injuries involve Appealable orders.

This Court can Rule that Plaintiff was injured without interfering with ongoing state Proceedings.

The Burden of Proof is the question Of Did Plaintiff lose the opportunity to file a Meritorious Appeal. The Court does Not Have litigate the issues but Rule as to whether or Not they Have Merit. This does Not interfere with ongoing State Proceedings.

The state's interest involving ongoing state Proceedings for Purposes of Younger Abstention is limited to Proceedings where the State Court Has Jurisdiction

Plaintiff Presents a Prima facia case that the state Court has lost jurisdiction for irreparably Damaging Plaintiff's Right of counsel of choice.

Additionally, established law Forbids Defendant Stride from Proceeding in a case where a Pending Substitution of Judge Motion exists. Any Actions Defendant stride took After the substitution of Judge Motion was Beyond the Scope of His Jurisdiction.

This Court can answer the question of whether the state Court has lost Jurisdiction without interfering with the state's interest.

The state cannot claim a legitimate interest in an illegitimate Proceeding that is in want of Jurisdiction

Even if the Court Determines that younger Abstention Applies, Plaintiff Presents a Prima facia Case that the instant Complaint Falls within Multiple exceptions.

Plaintiff has Presented a Prima facia case that the Defendant Stride is Biased and Prejudiced and that the state does Not offer an adequate Avenue to seek an impartial Judge. The Inadequacy of the Substitution of Judge Procedure is evidenced by the fact that Defendant Stride has failed or Refused to meaningfully Address the duly Filed Motion For years.

Additionally, Plaintiff has Made a Prima facia case that he cannot Assert his constitutional Rights in the state criminal case.

Defendants Keith Grant, Levi, and McGee Actively obstruct Plaintiff From objecting to Prosecutorial Misconduct, Constitutional violations and challenge the state Court's Jurisdiction.

The facts Presented Make a Prima Facia case that
Defendants Stride, Grant, Levi, and McGee fraudulently
Maintain Plaintiff in a Mental Hospital under the
guise As unfit to Stand trial in order to obstruct
Plaintiff's Right of Access to the Courts in order
to Prevent Plaintiff From Raising constitutional issues

Defendant Stride has Stated on Multiple Occasions
That he will Consider Any of Plaintiff's filings
Because he is unfit to Stand trial

Defendants Grant, Levi and McGee violate
Plaintiff's Right of Access to the Courts by Failing
and Refusing to Present Meritorious issues to
Defendant Stride for Preserving Appealable issues

The Second District Appellate Court fails or Refuses
to Consider Plaintiff's Pro se filings due to
the fact That he is fraudulently unfit to
Stand trial

Plaintiff has Attempted on Multiple occasions to
Present his Arguments to the Illinois Supreme Court.
The Illinois Supreme Court Refuses to Docket His
Petition citing local Rules Plaintiff Does Not Have
Access to.

From the trial Court To the Illinois Supreme Court,
Plaintiff's federal Claims have Been Barred by fraud,
Procedure or form.

Foreclosing Plaintiff From Presenting federal claims due
to Fitness to Stand trial Discriminates in violation
of Federal law

Facts

1. In 2005, Plaintiff was charged with criminal offenses in Lake County Illinois

2. Plaintiff promptly retained Attorney Brian Tealander "Tealander" to represent Plaintiff in the Case

3. During the course of the Pretrial Process, then Prosecutor Veronica O'Malley contacted Tealander and gained His Agreement to Have Duly filed Documents Removed From the Public Record in Plaintiff's Criminal Case.

4. Illinois law forbids The Removal of Public Documents without a court order. The same law Makes such conduct a felony criminal offense.

5. By recruiting Plaintiff's Privately Retained Attorney to be a Party to felonious conduct, Prosecutor O'Malley invaded the Attorney/client Relationship by causing Plaintiff to lose trust and Faith in Tealander,

6. Due to the Breach of the Attorney/client Relationship Plaintiff was compelled to Discharge Tealander,

7. Tealander was Plaintiff's counsel of choice which is Protected by the 6th Amendment,

8. After Discharging Tealander, Plaintiff immediately objected to the Removal of Documents and the Damage done to Plaintiff's 6th Amendment Right

9. The trial Court ignored Plaintiff's Repeated and consistent objections.

10. On or About June of 2007, The trial Court ordered Defendant Keith Grant to Represent Plaintiff Despite objections From Plaintiff as well as Grant.

11. The forced imposition of Grant Did Not Repair the violation to Plaintiff's 6th Amendment Right.

12. From the Moment Plaintiff learned of the Criminality of Tealander and O'Malley's Misconduct, the trial Court lost jurisdiction Pursuant to the United States Supreme Court in Johnson V. Zerbst.

13. All subsequent orders from that Moment were Beyond the scope of the Court's jurisdiction Because the Court lost Jurisdiction

14. Defendant Grant objected to His Appointment to Plaintiff's case. Among His Arguments, Grant stated that Plaintiff Has a legitimate challenge to The Court's Jurisdiction and that Grant's Presence frustrates that challenge.

15. On or About August of 2007, Defendants Grant, Levi and Magee Raised a Doubt Regarding Plaintiff's Fitness to stand trial. This Was Made in Bad Faith insofar that Plaintiff was Previously found Fit to stand trial and was Not Diagnosed with a Major Mental illness which would render Him unfit to stand trial.

16. Illinois law does Not allow Fitness to be raised Based upon a Defendant Being a Beligerent claiment of His Rights. Plaintiff Refused to work with Defendants Grant, Levi and McGee insofar that Plaintiff's Cooperation and Acceptance of the Public Defender Would be Deemed a Waiver of His claim of 6th Amendment irreparable injury

17. an information and belief, Defendants Grant, Levi and McGee Raised the issue of Fitness Purely For the purpose of Preventing Plaintiff from objecting and litigating Violations of His Rights

18. Defendants Grant, Levi, and McGee failed or Refused to inform Plaintiff that he has the Right to an independent evaluation, a jury Determination and an Appeal Regarding Fitness.

19. On information and belief, Defendants Grant, Levi and McGee deliberately withheld from Plaintiff information Regarding His Rights In order to obstruct Plaintiff From Presenting his federal claims.

20. On November 2007, Plaintiff was found unfit to stand trial and His Bond was Revoked. Defendants Grant, Levi and McGee failed or Refused to inform Plaintiff of His Right to Appeal orders Revoking Bail and Failed or Refused to Assert Plaintiff's Appeal Rights

21. In 2008, Plaintiff had a jury Determination Regarding Plaintiff's Fitness to stand trial. The store Wanted Plaintiff to testify and Plaintiff wanted to testify.

22 Plaintiff was Adamant that he was Not unfit to stand trial and wanted the jury to Hear Directly From Plaintiff that he was fit to stand trial

23 Defendants Grant, Levi, and Mcgee Admantly objected to Plaintiff testifying Regarding His Fitness and Defendant Stride Barred Plaintiff From Testifying

24. Through Manipulation and deceit, Plaintiff was once again Ruled unfit to stand trial. Defendants Grant, Levi, and Mcgee didn't Inform Plaintiff of His Appeal Rights Nor did they Assert Plaintiff's Appeal Rights

25. On or About October 2012, Plaintiff Served the Maximum Amount of time He could For fitness to stand trial. The State elected to Have Plaintiff Civilly Committed

26. During the course of the Pre-trial Process, Plaintiff was Never evaluated By an expert that has training and certification to conduct Sex offender evaluations.

27. Without conducting Any evaluation, EMHC Psychiatrist Richard Malis changed Plaintiff's Diagnosis to Pedophilia days Before Plaintiff's Fitness Was to expire. Richard Malis is Not qualified under Illinois law to Diagnose Plaintiff with a a sexual Disorder within the context of Forensic Psychiatry.

28. At the time of the 11th hour change in Plaintiff's Diagnosis, Defendant Richard Malis was fully Aware of Plaintiff's legal situation.

29. Plaintiff had conversations with Defendant Malis where in He told Defendant Malis that He Needs legal Resources.

30. Plaintiff has Also informed Defendant Malis that Defendant Grant is obstructing His efforts to litigate His Federal Claims. Additionally, Plaintiff told Defendant Malis that maintaining Plaintiff Fraudulently at the EMHC obstructed His efforts to litigate His Federal Claims.

31. During these conversations with Defendant Malis, Malis admitted to Plaintiff that his commitment to the EMHC is in error and that plaintiff should Not Be unfit to stand trial.

32. By going Beyond the Scope of His expertise and Recommending Plaintiff by civilly committed as continuing to be unfit to stand trial, Defendant willfully Maintained Plaintiff Fraudulently Held at the EMHC under the guise of unfit to stand trial.

33. On information and Belief, Defendant Malis Acted with Malicious intent with the Purpose of Preventing Plaintiff to enjoy His Constitutional Right of Access to the Courts.

34. Plaintiff Retained an expert to Review His Medical Records at the EMHC.

35. The expert Plaintiff Retained opined that Plaintiff's Medical Records Appear inaccurate and unreliable for forensic court Procedures. Additionally, the expert opined that it Appears Defendant Malis is Being influenced by outside Forces to submit Freudulent court Reports to Maintain Plaintiff Freudulently committed aeeeee

36. On information and Belief, Defendant Richard Malis was Recruited by unknown Lake County State Actors to file fraudulent court Reports in order to obstruct Plaintiff's Right of Access to the Courts

37. This Allegation is further Substantiated by the fact that Defendant Richard Malis contrived False Behavioral infractions and Placed them in Plaintiff's court Reports in order to further the freudulent commitment of Plaintiff

38. In separate litigation, Defendant Malis was unable to Produce Any evidence supporting the Behavioral infractions he Referenced in the court Reports Recommending Plaintiff Be committed Pursuant to The Fitness Statute

39. On information and belief, Defendant Malis knowingly and willfully committed Federal Funding Froud by Recommending Plaintiff Be involuntarily committed Pursuant to the unfit to stand trial statute when Defendant Malis knew Plaintiff was Not unfit to stand trial

39. Defendants Grant, Levi, and McGee violated plaintiffs right of access to the courts by failing and refusing to object to Defendant Malis' report due to the fact that he isn't qualified under Illinois law to diagnosis sexual disorders in a forensic setting.

40. Defendants Grant Levi and McGee failed or refused to conduct meaningful inquiry into the behavioral infractions that Defendant Malis' cites to in his evaluations. A cursory view will indicate that the disciplinary system at the EMHC violates due process (the scope of the instant complaint does not include due process).

41. On information and belief, Defendants Grant Levi and McGee failed or refused to object to Malis'testimony and reports in a continued and ongoing effort to obstruct plaintiff from seeking relief in the state court this violating his right of access to the courts.

42. On or about 2010, a hearing was conducted to test the weight of the evidence against plaintiff to determine whether there is enough evidence to secure a conviction. This was conducted pursuant to the unfit to stand trial statute.

43 During this hearing, defendants Grant Levi and McGee failed or refused to raise vital issues that would have lead to plaintiffs release. This includes but is not limited to seeking expert testimony regarding plaintiffs ability to knowingly and willfully waive his Miranda rights.

41. At the time I'd this hearing, defendants Grant Levi and McGee possessed an expert psychological evaluation conducted on plaintiff which indicates plaintiffs capacity to understand Miranda rights and waivers was questioned.

42. During the course of the hearing, defendants Grant Levi and McGee never challenged the fact that the testimony and statements given contain significant contradictory statements.

43. Defendants Grant Levi and McGee failed or refused to inform plaintiff of his Appeal rights regarding the hearing and failed or refused to assert plaintiffs appeal rights.

44. On information and belief, Defendants Grant Levi and McGee purposely prejudiced the outcome of the proceeding against plaintiff in order to keep plaintiff involuntarily committed in the EMHC to obstruct and plaintiff from accessing the courts.

45. On information and belief, Defendants Grant Levi and McGee willfully failed and refused to assert plaintiffs appeal rights in order to evade scrutiny of their malpractice as well as prevent plaintiff from presenting his claims to a state tribunal.

46 during the 2012 commitment proceeding pursuant to the fitness statute, the Illinois appeals court remanded a case back to lake county to determine plaintiffs access to legal resources.

47. During this proceeding counsel representing Defendants Pharris, Hardy and Malis' asserted that any order granting plaintiff access to the courts would in essence be ordering the EMHC to violate their own policies and procedures.

48. Defendants Grant Levi and McGee refused to advocate for plaintiffs right of access to the courts and would not meaningfully participate in the hearing. Plaintiff was compelled to argue his case of

access to the courts by himself. Plaintiff had the 6th amendment right to effective assistance of counsel in this proceeding.

49. Defendant Stride denied plaintiff any access to legal resources. This ruling was beyond the scope of the courts jurisdiction due to the pending substitution of judge motion as well as the irreparable injury to plaintiffs 6th amendment right to counsel of choice. On information and belief Defendant Stride's ruling was made with the sole intention to obstruct plaintiff from presenting his federal claims before a state court.

50. On multiple occasions Plaintiff filed objections to various aspects of the proceedings. Upon receipt of these filings, Defendant Stride would ask Defendant Grant if he was adopting Plaintiffs filing. Every time without fail defendant Grant would refuse to adopt Plaintiffs filings which were then discarded by Defendant Stride.

51. Defendant Grant's refusal to adopt Plaintiffs meritorious filings was a deliberate act to obstruct plaintiff from exhausting his state remedies and to violate plaintiffs right of access to the courts.

52. Eventually Plaintiff learned that he could appeal the orders civilly committing him, and diligently filed timely notices of appeal.

53. Numerous appeals were litigated by Defendant Grant who has a admitted conflict of interest. Plaintiff had repeatedly objected to Grant's performance and the question of effective assistance of counsel is very relevant to the appeal.

54. Due to, inter alia, his conflict of interest, Defendant Grant failed or refused to raise meritorious appealable issues in order to protect his misconduct as well as other state actors.

55. One of Plaintiffs attorneys that was appointed to his Appeal was named Gillian Gosch. This attorney told plaintiff in a written communication that the trial court proceedings against him were a "Sham".

56. During the course of the appeal, attorney Gosch missed deadlines in the appeal. After much searching, plaintiff learned that attorney Gosch had left the state and was practicing law in the western states. Attorney Gosch did not give notice to the court or plaintiff that she was moving and could no longer represent him.

57. On information and belief, attorney Gosch was intimidated by yet to be discovered state actors to abandon her representation of Plaintiff. This intimidation was caused by attorney Gosch's apparant willingness to argue that plaintiff was fraudulently committed to the EMHC.

58. Lake county has a reputation for intimidating attorneys who go against them. Plaintiff has an affadavit where in a prominent suburban attorney says that he will not be able to practice law in lake county again" if he asserts plaintiffs claims.

59. Plaintiff filed a separate lawsuit alleging violation of access to the courts. Prior to appointment of counsel, plaintiff was proceeding pro se. Due to the EMHC lack of legal resources, plaintiffs efforts to litigate the case was prejudiced.

60. During a telephonic hearing with Defendant Shirley Ruth Calloway, district judge shah ordered Defendant Calloway to investigate the EMHC legal resources.

61. Defendant Calloway submitted a letter to the court wherein she stated that the EMHC has a "full and complete law library". Plaintiff immediately objected and asserted that Defendant Calloway had lied to the court and perpetrated a fraud.

62. Judge Shah denied plaintiffs request for access to legal resources relying on defendant Calloway's false statement.

63. Defendant Calloway knew this her statement was false and knowingly deceives the court in an effort to gain an unfair advantage over plaintiff and violate his right of meaningful access to the courts.

64. Defendant Calloway is now suspended from practicing law due to lying to this court. Defendant Calloway took advantage of her position of authority and abused the trust judge Shah places in her as an officer of the court.

65. During the course of discovery multiple Defendants testified under oath that the EMHC does not have a law library.

66. It is without question that Defendant Calloway lied to the court and it is without question that she has engaged in a pattern and practice of lying.

67. Defendant Kozar is currently the lead attorney on the above mentioned lawsuit but was involved in the lawsuit at the time that Calloway perpetrated a fraud on the court.

68. Defendant Kozar has an ethical duty to familiarize herself with cases in which she is representing clients. Therefore, Defendant Kozar had full and complete knowledge that Defendant Calloway lied and perpetrated a fraud on the court. Defendant Kozar took no action to stop or report Defendant Calloway

69. Defendant Kozar full knowledge that Defendant Calloway perpetrated a fraud and enabled same by not reporting it. Even when Defendant Calloway was suspended, Defendant Kozar failed or refused to inform the court of the fraud but covered it up.

70. Defendant Kozar was present during the depositions where the named defendants stayed under oath that the EMHC does not have a law library. Despite this, Defendant Kozar still failed or refused to conduct her actions to ethics and law.

71. Defendant Calloway and Kozar's actions or lack thereof violated plaintiffs right of access to the courts and damaged Plaintiff by causing him to miss important deadlines he would have learned if he had access to legal resources.

72. Defendant Kwame Raoul is the direct supervisor of defendants Kozar and Calloway.

73. On information and belief, Defendant Raoul knew, should have known and had a duty to know that Defendant Calloway and Kozar perpetrated a fraud on the court but enabled same by not taking corrective action as required by the law and the rules of professional conduct.

74. Defendant Kwame Raoul failed or refused to properly train and supervise defendants Kozar and Calloway. This failure lead to a violation of plaintiffs right of access to the courts and prejudiced proceedings affecting his liberty interests.

75. During his time at the EMHC, plaintiff made numerous requests for access to legal resources.

76. While the forensic program director at the EMHC, defendant Jeff Pharris knew that plaintiff had the right of access to the courts and received many requests from plaintiff for legal resources. Defendant Pharris ignored these requests.

77. As a direct result of Defendant Pharris' failure or refusal to provide plaintiff with adequate legal resources, plaintiff suffered actual injury by missing deadlines to file non-frivilous appeals.

78. During his time at the EMHC, defendant Hardy served as both the medical director and the forensic program director. This defendant received multiple complaints by plaintiff requesting access to legal resources. This defendant failed or refused to honor plaintiffs request for access to legal resources.

79 . As a direct result of Defendant Hardy's failure or refusal to provide plaintiff with adequate legal resources, plaintiff suffered actual injury by missing deadlines to file non-frivilous appeals.

80. During his time at the EMHC, defendant zubik was on plaintiffs treatment team as a social worker as well as the forensic program director.

81. While plaintiffs social worker from 2010 until 2011, defendant zubik received grievances written by plaintiff wherein he requests access to legal resources. Zubik told plaintiff that the EMHC is a hospital, not a jail and are not obligated to provide me with legal resources.

82. As the forensic program director, defendant zubik continued to receive grievances from plaintiff requesting legal resources. Plaintiff zubik ignored this request. It was until being served with the instant complaint did the EMHC install a computer with legal resources.

83.

## Count 1: Access to the Courts

84. At all times relevant hereto, plaintiff had a constitutional right to meaningful access to the courts

85. It is a matter of public record that Defendant Stride sued plaintiff while also sitting as the judge in his criminal case. To date, defendant stride continues to sit in plaintiffs case.

86. In the above mentioned lawsuit, defendant stride asserted that he is experiencing financial distress due to plaintiff.

87. Judge stride knew that plaintiff was not unfit to stand trial but maintained him in the EMHC where defendant stride knows plaintiff does not have access to legal resources.

88. While fraudulently maintaining plaintiff in the EMHC, defendant stride filed for a default judgment against plaintiff and was awarded default judgment.

89. Defendant Stride has a financial interest to maintain plaintiff in the EMHC as well as a vested interest to obstruct plaintiff from bringing his claims before a tribunal.

90. Defendant Stride violated plaintiffs right of access to the courts by physically preventing him from defending himself against litigation brought by Defendant Stride.

91. Plaintiff missed crucial deadlines to file timely notices of appeal due to Defendant Stride. Plaintiff asserts he had meritorious grounds for appeal.

92. Defendants Grant Levi and McGee know plaintiff is not unfit to stand trial but nevertheless fraudulently keep plaintiff committed. These defendants have actual knowledge that plaintiff does not have access to legal resources.

93. Defendants Grant Levi and McGee committed acts of malpractice by inter alia failing or refusing to file timely notice of appeals, fraudulently maintaining plaintiff in the EMHC, and engaging in a scheme or artifice to obstruct plaintiff from bringing his claims before a tribunal.

94. Defendants Grant Levi and McGee know the EMHC does not have legal resources which is the motivating factor behind their fraudulent insistence that plaintiff is unfit to stand trial.

95. Defendants Grant Levi and McGee are knowingly and willfully obstructing plaintiff from accessing legal resources in order to avoid accountability for their misconduct.

96. Defendants Grant Levi and McGee accept court reports from defendant Malis despite the fact that under Illinois law, he cannot evaluate plaintiff for sexual disorders.

97. Defendants Grant Levi and McGee failed or refused to conduct a meaningful inquiry into the alleged behavioral infractions because they had a vested interest in maintaining plaintiff in the EMHC.

98. On information and belief, defendant Malis was instructed or otherwise recruited by corrupt lake county state actors to manufacture fraudulent court reports in order to obstruct plaintiff from exhausting his state remedies.

99. Plaintiff hereby gives notice to all named defendants to preserve any and all communications regarding plaintiff.

100. Defendant Malis knowingly and purposely obstructed plaintiffs right of access to the courts by filing fraudulent reports despite openly admitting that plaintiff is not unfit to stand trial.

101. On information and belief, Defendant Malis manufactured false behavioral infractions to further the scheme and artifice in order to prevent plaintiff from exhausting his state remedies.

102. Defendants Pharris, Hardy and zubik had actual notice that plaintiff has the right meaningful access to the courts and knew, should have known, and had a duty to know that plaintiff would be damaged due to their failure to provide him with legal resources.

103. Plaintiff sustained injuries by missing key deadlines to file a notice of appeal due to Defendant zubik, Hardy and Pharris.

104. Defendant Calloway had actual knowledge that the EMHC does not have legal resources. A review of cases defended by the Illinois attorney general reveals that numerous residents complained about the lack of legal resources.

105. Despite having actual knowledge to the contrary , defendant Calloway composed a court filing wherein she stated that the EMHC has a full and complete law library.

106. Defendant Calloway knew that having access to legal resources would increase the likelihood of plaintiff prevailing in his claims which she was defending. Defendant Calloway knowingly lied to the court and perpetrated a fraud to gain an unfair advantage over plaintiff in the proceedings.

107. As a lawyer,Defendant Calloway knew that plaintiff would likely be injured by his lack of legal resources in his state criminal proceeding. Plaintiff was injured in his state criminal proceeding by Defendant Calloway knowingly obstructing his right of access to the courts.

108. Defendant Kozar has actual knowledge that Defendant Calloway perpetrated a fraud on the court. Furthermore, defendant Kozar knew, should have known and had a duty to know that not having legal resources would injure plaintiff.

109. Defendant Kozar has an absolute duty to not only report Defendant Calloway to the court in order to reveal fraud, but to report Defendant Calloway to the attorney registration and disciplinary commission.

110. On information and belief Defendant Kozar took no action and in fact covered up the fraud that was perpetrated by Defendant Calloway.

111. On information and belief, defendant Kozar covered up the fraud in order to gain an unfair advantage over plaintiff in the ongoing litigation.

112. Defendant Kozar did in fact gain an unfair advantage as well as injure plaintiff. Had plaintiff been awarded legal resources once the attorney general told the truth, plaintiff would have discovered additional injuries not named in the litigation. Specifically injuries surrounding plaintiff failing to file timely notices of appeal due to not being aware that the orders were appealable.

113. On information and belief, Defendant Kozar was attempting to engage in "damage control" by reducing the number of injuries plaintiff would have discovered had he been given legal resources.

114. On information and belief, Defendant Raoul had personal knowledge of Defendant Calloway's fraud and had an absolute duty to report the fraud. This defendant ignored his ethical duty and engaged in the cover up.

115. On information and belief, Defendant Raoul knowingly obstructed plaintiff from having access to legal resources in order to gain an unfair advantage over plaintiff in litigation.

116. All defendants seek to prevent plaintiff from exhausting his state remedies in order to avoid federal scrutiny. On information and belief all named defendants are acting in bad faith and abusing comity

Count 2: Malpractice state claim

117. Plaintiff reincorporates and alleges all the statements in the fact pattern.

118. Defendants Grant Levi and McGee owed plaintiff a duty of effective representation.

119. These named defendants knowingly and willfully forfeited important rights belonging to Plaintiff and failed to inform plaintiff of these rights.

120. Plaintiff believes that these named defendants forfeited more rights than plaintiff is aware of and reserves the right to amend the instant complaint upon discovering additional damages.

121. These named defendants labored under a conflict of interest that deprived plaintiff of effective representation.

Prayer for relief

Plaintiff prays that this court enter an order in favor of plaintiff granting injunctive, compensatory and punitive damages in an amount to be determined when plaintiff can consult with counsel.

Respectfully submitted

/S/ Paul Olsson.  7-1-22

VERIFICATION

Plaintiff hereby certifies under pains and penalty of perjury in accordance with 28 U.S.C. Sec. 1746, that the foregoing statements of fact in the instant Verified Complaint are true and correct; that all conclusory statements and statements of law Plaintiff verily believes to be true and correct; and that the instant instrument is submitted in good faith and not for any improper purpose.

Signed _____

Paul Olsson, in want of counsel

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

ILND 44 (Rev. 09/20)

## I. (a) PLAINTIFFS

Paul Olsson

**DEFENDANTS**

Richard Malis et al

**(b)** County of Residence of First Listed Plaintiff
*(Except in U.S. plaintiff cases)*

Kane

County of Residence of First Listed Defendant
*(In U.S. plaintiff cases only)*

Kane

Note: In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys *(firm name, address, and telephone number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government not a party.)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excludes Veterans)
- ☐ 153 Recovery of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 General
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Habeas Corpus:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☒ 560 Civil Detainee - Conditions of Confinement

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyright
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016 (DTSA)

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729 (a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act (TCPA)
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Arts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/ Disabilities- Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus – Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAXES**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant
- ☐ 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Check one box, only.)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District (specify)
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

42 U.S.C. 1993

## VII. PREVIOUS BANKRUPTCY MATTERS

(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:

- ☐ Check if this is a class action under Rule 23, F.R.CV.P.

Demand $

CHECK Yes only if demanded in complaint:
Jury Demand: ☒ Yes ☐ No

## IX. RELATED CASE(S) IF ANY *(See instructions):*

Judge 17 CV 3028 Shah

Case Number

## X. Is this a previously dismissed or remanded case?

☐ Yes ☒ No If yes, Case # _____ Name of Judge _____

Date: 7-1-22

Signature of Attorney of Record: *(signature)*

100% Recycled fiber
80% Post-Consumer

**Extremely Urgent**

This envelope is for use with the following services:

**UPS Next Day Air®**
**UPS Worldwide Express™**
**UPS 2nd Day Air®**

Visit **ups.com®** or call **1-800-PICK-UPS®** (1-800-742-5877)
to schedule a pickup or find a drop off location near you.

**Domestic Shipments**

· To qualify for the Letter rate, UPS Express Envelopes may only contain
correspondence, urgent documents, and/or electronic media, and must
weigh 8 oz. or less. UPS Express Envelopes containing items other than
those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**

· The UPS Express Envelope may be used only for documents of no commercial
value. Certain countries consider electronic media as documents. Visit
ups.com/importexport to verify if your shipment is classified as a document.

· To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less.
UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

**Note:** Express Envelopes are not recommended for shipments of electronic media
containing sensitive personal information or breakable items. Do not send cash
or cash equivalent.

Apply shipping documents on this side.

Do not use this envelope for:

**UPS Ground**
**UPS Standard**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**



PRODUCTS
(224) 345-7701
OLSON LABS / INC
330 W LAMPUS DR
ARLINGTON HEIGHTS IL 60004-1404

SHIP TO:
CLERK'S OFFICE
(312) 435-5670
U.S. DISTRICT COURT
20 TH FLOOR — CLERK'S OFFICE
219 SOUTH DEARBORN STREET
CHICAGO IL 60604-1800

LTR

1 OF 1

IL 606 9-04

**UPS NEXT DAY AIR**
TRACKING #: 1Z 15W A82 01 4478 1038

1

BILLING: P/P

U.S. DISTRICT COURT
219 S DEARBORN ST
CHICAGO IL 60604

DVWNWHT S: PULL
404 - 1028
1038
1Z15WA82014478
1030
I: 402

Serving you for more than 100 years
United Parcel Service.

01015101  4/14  PAC  United Parcel Service






International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.



Express Envelo